UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**DIANE TRUJILLO**

      **Plaintiff,**

v.                                                                               Case No: 6:24-cv-1012-DCI

**GLOBAL TRUST MANAGEMENT, LLC**

      **Defendant.**

## ORDER

This cause comes before the Court on the Motion for Summary Judgment by Defendant Global Trust Management, LLC (Defendant). Doc. 31 (the Motion). The Motion is due to be **GRANTED**.

**I.    BACKGROUND**

In this case, Plaintiff Diane Trujillo (Plaintiff) filed a five-count complaint alleging that Defendant violated four sections of the Fair Debt Collections Practices Act (the FDCPA) (i.e., 15 U.S.C. §§ 1692d, 1692d(5), 1692e, and 1692f) and one section of the Florida Consumer Collection Practices Act (the FCCPA) (i.e., Florida Statutes section 559.72). Doc. 1 at 5-15. Defendant timely filed its answer and affirmative defenses. Doc. 7.

Following a case management conference (Doc. 17), the parties jointly consented to the jurisdiction of a United States magistrate judge (Doc. 19), and the district judge approved that consent. Doc. 20.

Defendant filed the instant Motion for summary judgment on all counts.[1]  Doc. 31.  In the Motion, Defendant argues that: 1) it "did not violate the FDCPA or FCCPA because it did not harass Plaintiff," (Doc. 31 at 7); and 2) it "did not violate the FDCPA because any attempts to debit Plaintiff's bank account were expressly authorized by Plaintiff."  *Id.* at 13.  As to the claims arising from Defendant's alleged harassment—relating to alleged violations of §§ 1692d(5), 1692e, 1692f, and Florida Statutes section 559.72(7)—Defendant asserts that "the FDCPA provides a specific mechanism to follow in the event a consumer wishes to cease communications from a debt collector.  That mechanism was not followed here, and Plaintiff does not attempt to establish that it was."  *Id.* at 7.  As to the claim that Defendant attempted to debit Plaintiff's bank account in violation of § 1692f, Defendant contends that "GTM made no further attempt to debit Plaintiff's bank account after April 4, 2024, when Plaintiff rescinded her promise to pay."  *Id.* at 14.

Plaintiff filed a response to the Motion (Doc. 34, the Response) and abandoned four of the five claims alleged in the complaint.  *Id.* at 2 ("Plaintiff hereby abandons the FDCPA and FCCPA claims stemming from Defendant's alleged harassment of Plaintiff, including Counts I, II, III, and V of her Complaint.").  In the remaining claim (Count IV, the claim under § 1692f) Plaintiff seeks relief from "Defendant's unauthorized efforts to withdraw payment from Plaintiff's checking account in violation of the FDCPA § 1692f."  *Id.* at 2.  Plaintiff states that "Defendant lacked legal or factual authorization for the early April withdrawals" (*Id.* at 8), and that a review of the parties' February 28, 2024 conversation would show that Plaintiff only intended "to make a one-time payment."  *Id.* at 6.  Lastly, Plaintiff asserts that whether the early April withdrawals violated the

---

[1] Defendant filed fourteen exhibits in support of the Motion, six of which are audio files Defendant submitted via a USB drive.  Docs. 31-3 through 31-9.

FDCPA is a question for the jury and "inappropriate for resolution at summary judgment." *Id.* at 6.[2]

Defendant filed a Reply in support of the Motion on April 9, 2025. Doc. 35 (the Reply). In the Reply, Defendant argues that "Plaintiff's remaining FDCPA claim fails as a matter of law" because "any attempts to debit Plaintiff's bank account were expressly authorized by Plaintiff." Doc. 35 at 2. Defendant quotes directly from the February 28, 2024 phone call in support of its assertion that Plaintiff authorized the early April withdrawals. *Id.* at 2-3 (quoting Doc. 31-8).

## II.   LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue of fact is "genuine" only if "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if the fact could affect the outcome of the lawsuit under the governing law. *Id.*

The moving party bears the initial burden of identifying those portions of the record demonstrating the lack of a genuinely disputed issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant does so, then the burden shifts to the non-moving party to demonstrate that there are, in fact, genuine factual disputes that preclude judgment as a matter of law. *Porter v. Ray*, 461 F.3d 1315, 1320 (11th Cir. 2006). To satisfy its burden, the non-moving

---

[2] In the Response, Plaintiff raises—for the first time—the allegation that the early April withdrawals violated 15 U.S.C. § 1693e(a), the Electronic Funds Transfer Act. Doc. 34 at 7-8. The Court does not address this argument because, as Defendant points out in the Reply (Doc. 35 at 1-2), a plaintiff cannot raise new claims in response to a motion for summary judgment. *See Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, at 1314-15 (11th Cir. 2004) ("At the summary judgment stage, the proper procedure for plaintiffs to assert a new claim is to amend the complaint in accordance with Fed. R. Civ. P. 15(a). A plaintiff may not amend her complaint through argument in a brief opposing summary judgment.").

3

party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The non-moving party must go beyond the pleadings and "identify affirmative evidence" that creates a genuine dispute of material fact. *Crawford-El v. Britton*, 523 U.S. 574, 600 (1998).

In determining whether a genuine dispute of material fact exists, the Court must view the evidence and draw all factual inferences in a light most favorable to the non-moving party and must resolve any reasonable doubts in the non-moving party's favor. *Skop v. City of Atlanta*, 485 F.3d 1130, 1136 (11th Cir. 2007). Summary judgment should only be granted "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party[.]" *Matsushita*, 475 U.S. at 587.

### III.   DISCUSSION

At summary judgment, Plaintiff has abandoned four of the five claims asserted in the complaint, and, as such, Defendant is due judgment on Counts I, II, III, and V.

This leaves only Count IV, Plaintiff's § 1692f claim, remaining for the Court's consideration. To resolve that claim, the Court must assess whether the undisputed material facts establish that Plaintiff authorized Defendant to make the account withdrawals in early April. Plaintiff argues that this question is for the jury. Doc. 34. As will be explained, the Court finds that the question is properly before the Court. As to the substance of the question: both Plaintiff and Defendant assert that the February 28, 2024 phone call resolves whether Plaintiff authorized the early April withdrawals. Doc. 34 at 6 ("[A] review of the parties' February 28, 2024 conversation would show that Plaintiff only intended "to make a one-time payment."); Doc. 35 at 1 ("It is clear from the entirety of the recording that Plaintiff understood, confirmed, and agreed that her bank account would be debited monthly"). Having reviewed the recording of the February

4

28, 2024 conversation, the Court finds that Plaintiff authorized the withdrawals. Accordingly, the Court will grant summary judgment as to Count IV—the only remaining count.

### A. Plaintiff's § 1692f Claim Can Be Resolved on Summary Judgment

As a threshold matter, the Court finds that the § 1692f claim can be resolved on summary judgment. Plaintiff first argues that "whether Defendant *unfairly* attempted to charge Plaintiff without authorization is a question that should be resolved by the jury." Doc. 34 at 3 (emphasis added), 6 (citing *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1199 (11th Cir. 2010)). Later, Plaintiff slightly changes the wording of its argument to: "whether and to what extent Defendant had authorization for monthly withdrawals, as opposed to a one-time withdrawal, is a question that should be resolved by a jury." *Id.* at 8.[3] The distinction matters because Plaintiff has provided legal authority in support of the first proposition (the *LeBlanc* case), but Plaintiff has provided no legal authority in support of the second proposition.

As to the first proposition—whether the unauthorized withdrawal was unfair is a question for the jury—the Eleventh Circuit has made clear that "whether conduct is unfair or unconscionable in violation of the FDCPA, typically presents a jury question inappropriate for resolution at summary judgment." *LeBlanc*, 601 F.3d at 1200-01. In *LeBlanc*, the court was faced with determining "what is meant by 'unfair' or 'unconscionable,'" and the Eleventh Circuit determined that "whether [defendant's] letter constitutes an 'unfair or unconscionable means to . . . . attempt to collect a debt' for purposes of § 1692f presents a jury question." *LeBlanc*, 601 F.3d at 1200-01. But whether the allegedly unauthorized withdrawal here is "unfair" or "unconscionable"—if it occurred—is not a question before the Court because an unauthorized withdrawal is a type of conduct that falls within one of the eight enumerated categories of "unfair

---

[3] Defendant does not address this argument in its Reply. *See generally* Doc. 35.

or unconscionable means to collect or attempt to collect any debt." *See* § 1692f; *LeBlanc*, 601 F.3d at 1200 ("Aside from the examples of violations provided within Section 1692f, the FDCPA does not purport to define what is meant by 'unfair' or 'unconscionable.'"). Accordingly, the inquiry here is not whether the alleged conduct is unfair or unconscionable—Congress has already determined that unauthorized withdrawals are unfair or unconscionable—but whether the alleged conduct occurred in the first place. In other words, whether Plaintiff authorized the withdrawal during the February 28, 2024 phone call.

Plaintiff has failed to provide legal authority in support of the second proposition—whether and to what extent Defendant had authorization for monthly withdrawals is a question for the jury—and that is the relevant question before the Court. *See generally* Doc. 34. Having been presented with no legal authority to the contrary,[4] the Court will assess whether and to what extent Defendant had authorization for monthly withdrawals.

### B.  Plaintiff Authorized the Early April Withdrawals During the February 28, 2024 Phone Call

In the Complaint, Plaintiff alleges that "in the early part of April 2024, Plaintiff found that Defendant had on 3 separate occasions attempted to charge her bank account for $150." Doc. 1 at 4. Defendant argues that summary judgment on Count IV is proper because "the record evidence clearly demonstrates that any attempt GTM made to debit Plaintiff's bank account was expressly

---

[4] Indeed, the Court has found examples of district courts granting summary judgment on § 1692f claims, suggesting that such matters are not exclusively matters for a jury to decide. *Moore v. Mandarich Law Group, LLP*, 2023 WL 3600491 (S.D. Fla. Feb. 7, 2023) (granting summary judgment on a § 1692f claim where Plaintiff offered no binding or persuasive caselaw suggesting that failing to redact a credit score in a public filing is unfair, unconscionable, or a violation); *Hair v. Lazega & Johanson LLC*, 2014 WL 12571424 (N.D. Ga. July 7, 2014), *report and recommendation adopted*, 2014 WL 12575746 (N.D. Ga. Aug. 6, 2014) (granting summary judgment where "Plaintiff has failed to proffer evidence sufficient to allow a reasonable jury to determine that Defendant engaged in conduct that violated § 1692f").

authorized by Plaintiff."  Doc. 31 at 14.  The Court has reviewed the record evidence presented and agrees that Plaintiff authorized the early April withdrawals.

Section 1692f of the FDCPA prohibits debt collectors from using "unfair or unconscionable means to collect or attempt to collect any debt."  The provision identifies eight debt collection methods which violate this statute, including: "The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."  § 1692f(1).  The enumerated practices are examples and do not limit the scope of the provision. *LeBlanc*, 601 F.3d at 1199 ("The FDCPA identifies various ways in which a debt collector might violate § 1692f, but also explains that the examples within the subsections are not intended to limit general application of the 'unfair or unconscionable' means prohibition.").  Courts assessing claims under § 1692f should apply a "least-sophisticated consumer standard."  *LeBlanc*, 601 F.3d at 1200.  The Eleventh Circuit has long viewed that standard as "consistent with basic consumer-protection principles."  *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, at 1172-75 (11th Cir. 1985). Accordingly, the least sophisticated consumer is presumed to possess "a rudimentary amount of information about the world and a willingness to read a collection notice with some care."  *LeBlanc*, 601 F.3d at 1194 (citations omitted).

Viewing the evidence through the least-sophisticated consumer standard, the February 28, 2024 conversation between Defendant's representative and Plaintiff makes clear that Plaintiff authorized the early April withdrawals.

Defendant begins the February 28, 2024 conversation by asking Plaintiff whether she is "ready to resolve this account."  Doc. 38-1 at 02:26.  Plaintiff responds by saying, "I could do the 150 but—um—I still haven't received my income tax."  *Id.* at 02:28-36.  Defendant then asks

7

Plaintiff, "how was your payment arrangement set the first time?" *Id.* at 02:47-50. Plaintiff explains, "uh, it was set monthly." *Id.* at 02:51-52.

Later in the call, Plaintiff asks, "we can't just um, make this payment and then I'll call back when the—so I can settle it?" *Id.* at 03:28-35. Defendant responds by saying, "yeah, yeah, yeah, yeah, I just need to put it—I need to, uh, set the arrangement, so we'll put it towards the end of the month and you'll get enough time to get the—to get your taxes and then you can call in early and we'll pay it off before the—before the time scheduled for the next payment." *Id.* at 03:35-52. Plaintiff responds with "okay." *Id*. To set up the monthly payment "arrangement," Defendant asks Plaintiff whether she wants to "make that next month, and we'll leave it on the 28th?" Plaintiff responds, "yeah, that's fine." *Id.* at 04:38-43. Plaintiff then confirms that the 28th falls on a "Thursday." *Id.* at 04:46-48. Defendant then confirms, "so, it'd be the 28th. I'll leave the 150 for each 28th, okay?" *Id.* at 04:54-59. Plaintiff again responds with "okay." *Id.* at 04:59.

Given the context from the beginning of the conversation, Plaintiff acknowledged: 1) a distinction between settling the account in full and continuing with the $150 per month payment schedule; 2) that a monthly payment "arrangement" existed; and 3) that she was not prepared to pay the full balance on the account until she received her tax return. Defendant made clear that Plaintiff's monthly payments would continue unless Plaintiff called to "pay it off before the time scheduled for the next payment." *Id.* at 03:35-52.

But even if Plaintiff did not understand the recurring nature of the payments, at the very least, she authorized a payment for March 28, 2024. When Defendant confirmed that "the 28th" would be the date of the next scheduled payment, Plaintiff confirmed that the date fell on a "Thursday." Doc. 38-1 at 04:46-48. February 28, 2024, the date of Plaintiff's phone call, fell on

8

a Wednesday, but March 28, 2024 fell on a Thursday. Accordingly, there is no doubt that Plaintiff understood she was authorizing a payment for March 28, 2024.

In Count IV, Plaintiff only alleges three unauthorized attempts to withdraw $150 from her bank account in "the early part of April 2024." Doc. 1 at 4, 12. Defendant attempted these withdrawals pursuant to Plaintiff's authorization for a March 28, 2024 payment. Defendant had to make three withdrawal attempts because Wells Fargo declined the transaction attempt due to "insufficient funds." Doc. 31 at 13. Considering Plaintiff's unambiguous authorization of the March 28, 2024 payment, no "reasonable jury" could return a verdict in Plaintiff's favor on the § 1692f claim pled in the complaint. *Anderson*, 477 U.S. at 248 ("An issue of fact is "genuine" only if "a reasonable jury could return a verdict for the nonmoving party."). Accordingly, summary judgment on Count IV is appropriate.

### IV.   CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Defendant's Motion for Summary Judgment (Doc. 31) is **GRANTED**.
2. The Clerk is **DIRECTED** to enter judgment in favor of Defendant and against Plaintiff.
4. The Clerk is further **DIRECTED** to terminate all pending deadlines, cancel all pending conferences and hearings, and close the case.

**ORDERED** in Orlando, Florida on June 23, 2025.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of record